No. 24-1527

# United States Court of Appeals for the First Circuit

---

ALEXANDRA E. MELINO,

*Plaintiff-Appellant*,

v.

BOSTON MEDICAL CENTER,

*Defendant-Appellee.*

---

On Appeal From The United States District Court

For The District Of Massachusetts

---

## BRIEF FOR THE DEFENDANT - APPELLEE
## BOSTON MEDICAL CENTER

---

Matthew D. Freeman, First Circuit Bar No.
Jamie L. Kessler, First Circuit Bar No. 1154607
Jeanette M. Piaget, First Circuit Bar No. 1203731
Jamie.Kessler@jacksonlewis.com
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA 02215
(617) 367-0025

*Counsel for Defendant-Appellee*
*Boston Medical Center*

Dated: October 8, 2024

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Fed. R. App. P. 26.1, Defendant-Appellee Boston Medical Center ("BMC") discloses that it does not have a parent corporation and no publicly held corporation owns ten percent (10%) or more of BMC.

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ........................................................ i

TABLE OF AUTHORITIES ................................................................. iii

REASONS WHY ORAL ARGUMENT SHOULD BE HEARD .......................... vi

STATEMENT OF THE ISSUES..................................................................1

STATEMENT OF THE CASE.....................................................................1

SUMMARY OF THE ARGUMENT ...........................................................4

ARGUMENT .........................................................................................6

   I.   THE STANDARD OF REVIEW OF THE DISTRICT COURT'S DECISION ON SUMMARY JUDGMENT........................................................6

   II.  DEFENDANT'S STATEMENT OF MATERIAL FACTS MUST BE DEEMED ADMITTED.................................................................7

   III.   THE DISTRICT COURT PROPERLY GRANTED SUMMARY JUDGMENT TO BMC ON PLAINTIFF'S RELIGIOUS DISCRIMINATION CLAIMS. ..........................................................9

      A.  Plaintiff Cannot Establish A *Prima Facie* Case Of Religious Discrimination Because Plaintiff Does Not Have A Religious Belief That Conflicts With BMC's Immunization Policy. ...................................10

      B.  Plaintiff's Request For An Exemption From The Policy Posed An Undue Hardship Because It Put Patient And Staff Health And Safety At Risk. ..........14

         1.  Plaintiff's Request to Work Unvaccinated Posed An Undue Hardship...16

         2.  Defendant Does Not Need to Prove COVID-19 Vaccines "Work." .......20

   IV.   PLAINTIFF'S MOTION TO STRIKE WAS PROPERLY DENIED. ......24

      A.  The District Court Did Not Abuse Its Discretion In Denying Plaintiff's Motion To Strike Based On Procedural Deficiencies. .......................................25

      B.  Attorney Hickey's Statements In Paragraphs 10-12, 14, and 22 Are Not Inconsistent With Prior Statements. ................................................26

      C.  Attorney Hickey's Statements Do Not Contain Hearsay...........................28

CONCLUSION ....................................................................................30

# TABLE OF AUTHORITIES

## Cases

*Adams v. Mass. Gen. Brigham Inc.*, 2023 U.S. Dist. LEXIS 174606 (D. Mass. Sep. 28, 2023) ................................................................. 15, 17, 20, 22

*Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.,* 26 F.3d 220, 224 (1st Cir. 1994) ....................................................................................25

*Alvarado v. Donahoe*, 687 F.3d 453 (1st Cir. 2012) .............................................6, 7

*Bailey v. Georgia-Pacific Corp.*, 305 F.3d 1162 (1st Cir. 2002) ...........................10

*Balser v. IUE Local 201 v. Gen. Elec. Co.*, 661 F.3d 109 (1st Cir. 2011) ...............6

*Barraford v. T&N Ltd.*, 988 F. Supp. 2d 81 (D. Mass. 2013) ................................23

*Bazinet v. Beth Israel Haley Health*, Inc., No. 24-1148, 2024 U.S. App. LEXIS 20349 (1st Cir. Aug. 13, 2024) ..................................................... 10, 15

*Biden v. Missouri*, 595 U.S. 87 (2022) ...................................................................19

*Bolden-Hardge v. Off. of the Cal. State Controller*, 63 F.4th 1215 (9th Cir. 2023)11

*Bordeaux v. Lions Gate Ent., Inc.*, 703 F. Supp. 3d 1117 (C.D. Cal. Nov. 21, 2023) .......................................................................................................15

*Brader v. Biogen Inc.*, 983 F.3d 39 (1st Cir. 2020) ..................................................6

*Brox v. The Woods Hole*, 590 F. Supp. 3d 359 (D. Mass. 2022) (Stearns, J.) . 12, 17

*Burns v. State Policy Ass'n of Mass*, 230 F.3d 1 (1st Cir. 2000)..............................10

*Camp v. L.A. Arena Co., LLC*, 1:22-cv-2220, 2024 U.S. Dist. LEXIS 71237 (C.D. Cal. April 18, 2024) .......................................................................11

*Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126 (1st Cir. 2004) ................. 14, 15

*Cochran v. Quest Software, Inc.*, 328 F.3d 1 (1st Cir. 2003) ...................................7

*Converse Inc. v. Reebok Int'l, Ltd.*, 328 F. Supp. 2d 166, 171 (D. Mass. 2004).....25

*Dennis v. Osram Sylvania, Inc.*, 549 F.3d 851 (1st Cir. 2008)..................................6

*E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarrillados de P.R.*, 279 F.3d 49 (1st Cir. 2004) ........................................... 10, 12

*Fallon v. Mercy Catholic Medical Center of Southeastern Pennsylvania*, 877 F.3d 487 (3rd 2017)...................................................................................13

*Farmers Ins. Exch. v. RNK, Inc.*, 632 F.3d 777, 782 (1st Cir. 2011) .......................6

*Florida v. Dep't of Health and Human Servs.*, 19 F.4th 1271 (11th Cir. 2021) .....19

*Floyd v. Farrell*, 765 F.2d 1 (1st Cir. 1985) ............................................................7

*Garmon v. AMTRAK*, 844 F.3d 307, 313 (1st Cir. 2016) ........................................24

*Griffin v. Mass. Dep't of Revenue*, 1:22-cv-11991, 2023 U.S. Dist. LEXIS 125845 (D. Mass. July 20, 2023)................................................................ 12, 13

*Groff v. DeJoy*, 600 U.S. 447 (2023) ....................................................... 14, 15, 22

*Haley v. Exec. Off. of HHS,* 1:23-cv-11691, 2024 U.S. Dist. LEXIS 76414 (D. Mass. April 26, 2024) ................................................................23

*Harmon v. Boston Medical Ctr.*, CA 1:22-cv-11856-ADB (March 17, 2023) .......27

*Horta v. Sullivan*, 4 F.3d 2 (1st Cir. 1993) ...............................................23

*Lech v. Goeler*, 92 F.4th 56 (1st Cir. 2024) ...............................................25

*Lopez-Hernandez v. Terumo P.R., LLC,* 65 F.4th 22 (1st Cir. 2023)......................8

*Martinez v. Hubbard,* 172 F. Supp. 3d 378, 385 (D. Mass. 2016) ..........................25

*Micheo-Acevedo v. Stericycle of P.R., Inc.*, 897 F.3d 360 (1st Cir. 2018).............25

*Perez v. Volvo Car Corp.*, 247 F.3d 303, 310 (1st Cir. 2001)...............................7

*Perkins v. Brigham & Women's Hosp.*, 78 F.3d 747 (1st Cir. 1996) ......................29

Pina v. Children's Place, 740 F.3d 785, 795 (1st Cir. 2014)....................................24

*Robinson v. Children's Hosp. Boston*, 1:14-cv-10263, 2016 U.S. Dist. LEXIS 46024, at *26 (D. Mass. Apr. 5, 2016) .............................................. 15, 17, 18, 22

*Rodrique v. Hearst Commc'ns, Inc.*, 1:22-cv-12152 2024 U.S. Dist. LEXIS 30258 (D. Mass. Feb. 22, 2024) ................................................................13

*Sanchez-Rodriguez v. AT&T Mobility P.R., Inc.*, 673 F.3d 1 (1st Cir. 2012) .........10

*See Gent v. CUNA Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010) ...............21

*Snow v. Women's Healthcare Assocs., LLC*, 3:23-cv-01393, 2024 U.S. Dist. LEXIS 137202 (D. Or. Aug. 2, 2024) .................................................... 17, 18, 23

*Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97 (1st Cir. 2003).......................7

*Taylor v. Milford Reg'l Med. Ctr. Inc.*, 4:23-cv-40009, 2024 U.S. Dist. LEXIS 85111, (D. Mass. May 10, 2024) ...........................................................21

*Together Emps. v. Mass. Gen. Brigham Inc.*, 573 F.Supp.3d 412 (D. Mass. 2021) ........................................................................................... 17, 18

*TWA v. Hardison*, 432 U.S. 63 (1997).................................................. 14, 17

*United States v. Bailey*, 270 F.3d 83 (1st Cir. 2001) ...............................................29

*United States v. Pena*, 24 F.4th 46 (1st Cir. 2022) ...............................................29

*United States v. Rosado-Rosario*, 1:97-cr-049, 1998 U.S. Dist. LEXIS 673, (D. Mass. Jan. 15, 1998) ................................................................25

*Whitehouse v. United States Dist. Court*, 53 F.3d 1349, 1355-1356 (1st Cir. 1995) ........................................................................................... 25

*Wise v. Child's Hosp. Med. Ctr. Of Akron*, 5:22-cv-02092, 2024 U.S. Dist. LEXIS 119686 (N.D. Ohio July 9, 2024) ................................................18

*Zimmerman v. Puccio*, 613 F.3d 60 (1st Cir. 2010) ...............................................8

**Rules**

Fed. R. Civ. P. 56 .................................................................8, 29

Fed. R. Civ. P. 56(a) ....................................................................6

Fed. R. Civ. P. 56(c) ...............................................................7, 29

Fed. R. Civ. P. 56(e) .................................................................7, 8

Fed. R. Civ. P. 56(e)(3) ................................................................7

Fed. R. Evid. 801 .......................................................................23

Fed. R. Evid. 801(c)(2 ................................................................29

Fed. R. Evid. 801(c)(2) ...............................................................29

Fed. R. Evid. 805 .......................................................................23

Local Rule 56.1 .........................................................................7, 8

## <u>REASONS WHY ORAL ARGUMENT SHOULD BE HEARD</u>

This case presents important questions about an employer's right to implement health and safety protocols to protect the health and well-being of its employees in context of a global pandemic where applicable regulations and statutes and information available to the employer are evolving. Several similar cases are pending before the First Circuit Court of Appeals and the District Court for the District of Massachusetts. This decision will likely impact how pending cases are decided. Oral argument would assist this Court by providing clarification of the issues beyond the written briefs.

## STATEMENT OF THE ISSUES

I.    Whether the District Court properly granted Defendant's Motion for Summary Judgment after determining Plaintiff failed to produce credible, admissible evidence that a genuine issue of material fact remained as to whether permitting her to work unvaccinated would have posed an undue hardship on BMC's operations.

II.   Whether the District Court properly denied Plaintiff's Motion to Strike portions of a declaration submitted in support of Defendant's Motion for Summary Judgment because Plaintiff failed to comply with Local Rule 7.1.

## STATEMENT OF THE CASE

This case arises out of the decision of Defendant-Appellee Boston Medical Center ("Defendant" or "BMC") to terminate the employment of Plaintiff-Appellant Alexandra Melino ("Plaintiff"), following her refusal to comply with BMC's COVID-19 vaccine requirement.

BMC is a safety-net hospital that provides inpatient, clinical, and diagnostic services to vulnerable populations in and around Boston. Record Appendix ("RA") 122 at ¶2. From March 2020 to the end of the COVID-19 public health emergency, BMC was on the front lines of the pandemic providing care for Boston's most vulnerable populations.  RA 123 at ¶8. BMC treated thousands of patients for COVID-19 between January 31, 2020 and January 31, 2022. RA 123 at ¶¶9-10.

1

During this time, hundreds of patients at the hospital died from COVID-19 complications and several hundred staff members contracted COVID-19. *Id.* at ¶9. Due to the number of COVID-19 cases, BMC was forced to convert several units to COVID-19 units and reassign staff to COVID-19 units beginning in March 2020. RA 123 at ¶11. The Cardiac Intensive Care Unit ("CCU") was one of the units converted into a COVID-19 unit and all nurses in the unit needed to care for COVID-19 patients throughout their shifts. *Id*.

In August 2021, BMC implemented a workplace policy which required all employees to become fully vaccinated against the COVID-19 vaccine by October 15, 2021 (the "Immunization Policy"). RA 119-121; RA 124 at ¶14. In deciding to implement the Immunization Policy, BMC relied on the CDC's publicly available recommendations that vaccination was the best way to prevent severe illness, hospitalization, and death from COVID-19 and to reduce transmission of the virus. RA 124 at ¶16. BMC also relied on its experience during the first year of the pandemic, which taught it that healthcare workers were more likely to contract COVID-19 because they faced significant exposure to the virus. RA 124 at ¶15. The Immunization Policy permitted employees to seek a religious or medical exemption. RA at ¶120.

Plaintiff-Appellant Alexandra Melino ("Plaintiff") was a registered nurse in BMC's CCU from 2014 to 2021. RA 2 at ¶6; RA 51. Plaintiff also picked up shifts

2

in BMC's Medical Intensive Care and Surgical Intensive Care Units. RA 53. Plaintiff's duties included providing direct care for patients in critical condition, including patients on respirators. RA 52 at 25:6-26:15. Plaintiff was required to assess, diagnose, plan, intervene, evaluate, and coordinate care for patients and their families. RA 43. Plaintiff interacted with four to eight nurses, two certified nursing assistants, as well as physicians and residents during each shift. RA 52.

Plaintiff sought an exemption from the Immunization Policy based on her religious beliefs as a Catholic, which she alleged prevented her from receiving the COVID-19 vaccine. RA 61; RA 70. BMC requested additional information from Plaintiff to evaluate her request and Plaintiff refused to provide the information requested. RA 77; RA 81-84; RA 107. After reviewing Plaintiff's request, BMC denied Plaintiff's request for a religious exemption because it determined that permitting a registered nurse to care for critically ill patients unvaccinated would pose an undue hardship on its business by increasing the risk of COVID-19 transmission among staff and patients. RA 125 at ¶ 25. Plaintiff still failed to comply with the Immunization Policy and BMC terminated her employment on October 15, 2021. RA 85; RA 109.

Following her termination, Plaintiff filed claims with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging religious discrimination

in violation of Mass. Gen. L. c. 151B and Title VII.  RA 1 at ¶ 1, 5. On September

19, 2022, the EEOC issued a right to sue notice.  RA 1-2 at  ¶ 5.

Upon receipt of the EEOC right to sue notice, Plaintiff filed a complaint

with the U.S. District Court for the District of Massachusetts on December 14,

2022, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e *et seq.,* and M.G.L. c. 151B.  RA1-11. On April 23, 2024, Defendant filed a

Motion for Summary Judgment with accompanying documents. RA 26-127.

Plaintiff filed her Opposition to BMC's Motion for Summary Judgment on May

13, 2024. RA 128-191. Plaintiff also filed a Motion to Strike certain statements

from the Declaration of John Hickey, Esq., which was filed in support of BMC's

Motion for Summary Judgment. RA 200-211. BMC filed its Reply in Support of

its Motion for Summary Judgment and an Opposition to Plaintiff's Motion to

Strike on May 24, 2024. RA at 192-199; 212-217.

On May 28, 2024, the District Court denied Plaintiff's Motion to Strike and

granted Defendant's Motion for Summary Judgment. *See* Memorandum & Order

on Defendant's Motion for Summary Judgment p. 3-5. This appeal followed.

## SUMMARY OF THE ARGUMENT

BMC terminated Plaintiff's employment as a critical care nurse because she

refused to comply with BMC's Immunization Policy, and granting a critical care

nurse an exemption would have created an undue hardship for the hospital in the

4

midst of a global pandemic. As the District Court properly concluded, after completing discovery, Plaintiff produced absolutely no evidence to support her allegations that she was discriminated against on the basis of her religion or that there was the existence of a genuine dispute as to any material fact.

Plaintiff failed to meet her burden of establishing a *prima facie* case that a bona fide religious practice conflicted with BMC's Immunization Policy. The alleged beliefs that purportedly prevented Plaintiff from receiving the vaccine cannot be attributed to a particular religious denomination and/or organization, so she was required to establish that her individual beliefs were religious as opposed to a personal preference. Plaintiff failed to do so.

Additionally, the record evidence presented by BMC demonstrated that providing a critical care nurse with an exemption to the COVID-19 vaccine during a global pandemic posed an undue hardship to the hospital. The District Court correctly concluded that Plaintiff failed to point to any evidence in the record that created a genuine dispute of material fact as to this issue. As such, the District Court properly granted summary judgment in Defendant's favor.

Further, the District Court's decision denying Plaintiff's Motion to Strike should be affirmed because Plaintiff failed to comply with Local Rule 7.1's requirement that she confer with Defendant before filing the motion and the District Court did not abuse its discretion in making this finding. Moreover, the

statements that were the subject of Plaintiff's Motion to Strike were not hearsay and, as the District Court correctly noted, the Court may take judicial notice of the subject of the statements.

## **ARGUMENT**

## I. **THE STANDARD OF REVIEW OF THE DISTRICT COURT'S DECISION ON SUMMARY JUDGMENT.**

While this Court reviews the District Court's decision on summary judgment *de novo*, the District Court's holding should be upheld where the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Farmers Ins. Exch. v. RNK, Inc.*, 632 F.3d 777 (1st Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). In cases that involve claims of discrimination, "where elusive concepts such as motive or intent are at issue, summary judgment is appropriate if the non-moving party rests only upon conclusory allegations, improbable inferences, and unsupported speculation." *Alvarado v. Donahoe*, 687 F.3d 453, 458 (1st Cir. 2012) (citing *Dennis v. Osram Sylvania, Inc.*, 549 F.3d 851, 855-56 (1st Cir. 2008)); *see also Brader v. Biogen Inc.*, 983 F.3d 39, 55 (1st Cir. 2020).  In its *de novo* review, this Court draws all reasonable inferences in favor of the non-moving party; however, it does so "while ignoring conclusory allegations, improbable inferences, and unsupported speculation." *Balser v. IUE Local 201 v. Gen. Elec. Co.*, 661 F.3d 109, 118 (1st Cir. 2011).

6

Thus, in opposing summary judgment, Plaintiff was required to "'point to specific facts that were properly asserted in…affidavits and supporting materials' which would permit a reasonable juror to find in h[er] favor at trial." *Alvarado*, 687 F.3d at 460 (quoting *Floyd v. Farrell*, 765 F.2d 1, 5 (1st Cir. 1985)). Courts weigh motions for summary judgment with the understanding that, "an absence of evidence on a critical issue weighs against the party -- be it the movant or the nonmovant -- who would bear the burden of proof on that issue at trial." *Perez v. Volvo Car Corp.*, 247 F.3d 303 (1st Cir. 2001) (citations omitted).

## II. DEFENDANT'S STATEMENT OF MATERIAL FACTS MUST BE DEEMED ADMITTED.

The District Court did not address Defendant's argument that its entire Statement of Material Facts must be deemed admitted pursuant to Fed. R. Civ. P. 56(e) because Plaintiff failed to controvert, or even respond, to any of the factual assertions as required by Fed. R. Civ. P. 56(c) and Local Rule 56.1. On appeal, Defendant renews this argument. *See Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 102 (1st Cir. 2003) (plaintiff failed to controvert statement of undisputed material facts filed by defendants and those facts were deemed admitted); *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 12 (1st Cir. 2003).

Plaintiff's failure to comply with the requirements of Fed. R. Civ. P. 56(c) entitles Defendant to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). The

requirements of Fed. R. Civ. P. 56 and Local Rule 56.1 are meant to protect the district court from "perusing through the summary judgment record in search of disputed material facts and prevent litigants from shifting that burden onto the court." *Id*. *See also Zimmerman v. Puccio*, 613 F.3d 60, 63 (1st Cir. 2010) (deeming moving party's facts admitted because of non-moving party's failure to comply with L.R. 56.1).

The First Circuit has consistently held that a non-moving party who fails to comply with the requirements of Fed. R. Civ. P. 56 and local rules in responding to a motion for summary judgment does so "at their peril." *Lopez-Hernandez v. Terumo P.R., LLC,* 65 F.4th 22, 26 (1st Cir. 2023) (in an employment discrimination case, deeming defendant's statement of uncontested facts admitted because of plaintiff's failure to comply with the requirements of Local Rule 56).

Plaintiff submitted a Statement of Disputed Material Facts representing that three facts were in dispute regarding the efficacy of the COVID-19 vaccine. RA 190-191. However, Plaintiff's statement failed to comply with the requirements of Fed. R. Civ. P. 56 (e), which requires the non-moving party to address each of the moving party's assertion of fact. Plaintiff failed to cite to <u>any</u> evidence in the record to support her assertion that any material fact remained in dispute. As a result, Defendant's entire Statement of Material Facts must be deemed admitted.

III.   **THE DISTRICT COURT PROPERLY GRANTED SUMMARY JUDGMENT TO BMC ON PLAINTIFF'S RELIGIOUS DISCRIMINATION CLAIMS.**

In addition to the procedural defects discussed above, Plaintiff failed to defeat BMC's motion for summary judgment substantively as well. Plaintiff was required to point to admissible evidence in the record which demonstrated that there remained a genuine dispute as to a material fact. Plaintiff failed to do so in several instances.

First, Plaintiff failed to establish a crucial element of her *prima facie* case – that a religious belief conflicted with BMC's Immunization Policy. Indeed, Plaintiff failed to produce admissible evidence to establish that her personal beliefs conflicted with BMC's Immunization Policy. Thus, Plaintiff failed to even establish her *prima facie* case of religious discrimination.

Second, the record is devoid of any evidence in support of Plaintiff's medical hypothesis that COVID-19 vaccines do not protect against infection and transmission. This was Plaintiff's sole argument in response to BMC's defense that allowing a registered nurse working in a critical care unit to work unvaccinated during a public health emergency would have resulted in substantial increased costs to its business. Due to Plaintiff's inability to establish a *prima facie* case or point to a genuine dispute of material fact in regard to BMC's defense, the District Court's decision should be affirmed.

9

**A. Plaintiff Cannot Establish A *Prima Facie* Case Of Religious Discrimination Because Plaintiff Does Not Have A Religious Belief That Conflicts With BMC's Immunization Policy.**

Although the District Court declined to reach a determination as to the sincerity and/or religiosity of Plaintiff's stated religious beliefs, this Court "may affirm the entry of summary judgment on any sufficient ground revealed by the record." *See Bailey v. Georgia-Pacific Corp.*, 305 F.3d 1162, 1166 (1st Cir. 2002) (citing *Burns v. State Policy Ass'n of Mass*, 230 F.3d 8, 9 (1st Cir. 2000)). Defendant reasserts that Plaintiff has failed to establish she had a religious belief which conflicted with BMC's Immunization Policy.

To establish a *prima facie* case of religious discrimination, an employee, in part, must establish a <u>bona fide</u> religious practice conflicts with an employment requirement. *Sanchez-Rodriguez v. AT&T Mobility P.R., Inc.*, 673 F.3d 1, 8 (1st Cir. 2012) (citation omitted) (emphasis added). "The law does not require that a religious practice or belief at issue be acceptable, logical, consistent, or comprehensible to others." *Bazinet v. Beth Israel Haley Health*, Inc., No. 24-1148, 2024 U.S. App. LEXIS 20349, at *13 (1st Cir. Aug. 13, 2024) (citation omitted). However, "Title VII does not mandate an employer…to accommodate what amounts to a purely personal preference." *E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarrillados de P.R.*, 279 F.3d 49, 56 (1st Cir. 2004). Nor must the Court take a plaintiff's conclusory assertions of violations of

his or her religious beliefs at face value. *Camp v. L.A. Arena Co., LLC*, 1:22-cv-2220, 2024 U.S. Dist. LEXIS 71237, at *11 (C.D. Cal. April 18, 2024) (citing *Bolden-Hardge v. Off. of the Cal. State Controller*, 63 F.4th 1215 (9th Cir. 2023). Plaintiff's purported beliefs are a personal preference, not a religious belief.

In her exemption request, Plaintiff asserted that she was opposed to receiving the COVID-19 vaccine because (1) all three of the vaccines available in October 2021 were developed, manufactured, and/or produced utilized fetal cell lines; (2) she opposed abortion; (3) and she believed her "body is a temple" and equated the vaccine to an "unclean food" which she must refuse. RA 102. The only religious material in Plaintiff's request were two Bible verses. RA 63-65. She otherwise relied on her "own research" regarding the presence of "fetal cells" in the vaccine.

It was not until her deposition that Plaintiff testified about any particular religion: "aborted fetal cells were used for proof of concept for the vaccine, and the Catholic Church does not believe in abortion." RA 63. However, Plaintiff cannot rely solely on the assertions that she is Catholic and "abortion is wrong" to establish the existence of a religious belief in conflict with the vaccination requirement. Opposition to vaccination is not a widely recognized tenet or principle of the Catholic faith. In fact, leaders of the Catholic Church repeatedly and publicly encouraged congregants to receive the COVID-19 vaccine despite the

11

use of "fetal cell lines" in the development and/or manufacture of the vaccine. RA 34 n.2. *Compare Union Independiente*, 279 F.3d at 56 (finding that a plaintiff's asserted belief was religious because opposition to union membership was an established tenet of Seventh Day Adventists' beliefs). The Catholic Church went so far as to explain that a product so remote from the act of abortion is morally acceptable.

As such, Plaintiff cannot rely on Catholicism as the reason she could not receive the vaccine and must point to sufficient evidence in the record that being vaccinated against COVID-19 violates a tenet or principle of her individual religious beliefs. Plaintiff cannot make such a showing.

A claim of individualized religious faith must include sufficient evidence that it comprises a belief system that is comprehensive in nature as opposed to an isolated teaching. *See Griffin v. Mass. Dep't of Revenue*, 1:22-cv-11991, 2023 U.S. Dist. LEXIS 125845, at *16-17 (D. Mass. July 20, 2023) (determining that plaintiff's belief that she should not receive the COVID-19 vaccine after closely contemplating with God and that she has objected to vaccine and medicines for as long as she could remember was not a plausible religious belief); *Brox v. The Woods Hole*, 590 F. Supp. 3d 359, 366 n.7 (D. Mass. 2022) (Stearns, J.), aff'd in part, vacated in part, remanded, 83 F.4th 87 (1st Cir. 2003) (determining that the reasons for plaintiff's opposition to the COVID-19 vaccine, such as "I believe my

12

God will guide me and protect me and God has told me to not get the vaccine at this time" were not grounded in religious practice); *Fallon v. Mercy Catholic Medical Center of Southeastern Pennsylvania*, 877 F.3d 487, 492 (3rd 2017) (determining that employee's refusal of flu vaccine based on the commandment "Do not harm your own body" was an isolated teaching).

Plaintiff testified that she believes the Bible teaches "the body is sacred and things shouldn't be put into it that are unclean or not from, made from your own body" because "your body [i]s a temple." RA 63. She attempts to rely on a remote connection between vaccines and abortion[1] as establishing vaccines are such an "unclean" item. Plaintiff thus relies not only on an isolated teaching, but also a broad idiosyncratic belief about how vaccines are developed in interpretating the teaching. Fundamentally, this allows Plaintiff to simply designate which items she deems to be "unclean" based on personal preference. *See Rodrique v. Hearst Commc'ns, Inc.*, 1:22-cv-12152, 2024 U.S. Dist. LEXIS 30258, at *3-4 (D. Mass. Feb. 22, 2024) (determining that plaintiff's idiosyncratic assertion to the ingestion of certain man-made substances and certain medical products developed using fetal cells is not religious). In *Griffin* the Court succinctly explained the need for employers to be able to differentiate between a "religious belief" entitled to

---

[1] Notably, neither the Pfizer/BioNtech COVID-19 vaccine nor the Moderna COVID-19 vaccines contain fetal cells nor were fetal cells used in the development or production of either vaccine.

13

consideration for accommodation and "moral and ethical beliefs" by comparing the religious practice of vegetarianism in Jainism with a vegan who may have a strong and sincerely held view against eating meat, but that does not make the practice religious. 2023 U.S. Dist. LEXIS 125485 at *9 n.5 (explaining that it is impractical to expect employers to assume the religiosity of an employee's belief because it would result in the unfair administration of employment policies). Here, the Court should apply this guidance in determining that Plaintiff's stated beliefs are <u>not</u> religious, and the District Court's decision should be affirmed.

**B. <u>Plaintiff's Request For An Exemption From The Policy Posed An Undue Hardship Because It Put Patient And Staff Health And Safety At Risk.</u>**

Pursuant to Title VII, an employer is not required to provide a religious accommodation to an employee if doing so would cause an undue hardship. *See TWA v. Hardison*, 432 U.S. 63, 84 (1997); *see also Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126, 134 (1st Cir. 2004). Undue hardship is "shown when a burden is substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023). To prevail on a defense of undue hardship, Defendant must establish that "the burden of granting [Plaintiff's] accommodation would result in substantial increased costs in relation to the conduct of its particular business." *Id.* at 2295. Courts must apply the undue hardship test "in a manner that takes into account all relevant factors in the case at hand, including the particular

14

accommodations at issue and their practical impact in light of the nature, size and operating cost of an employer." *Id*.; *see also Bazinet*, at \*17 (1st Cir. Aug. 13, 2024).

In assessing an undue hardship, Courts consider the impact on health, safety, and the employer's public image. *See Adams v. Mass. Gen. Brigham Inc.*, 2023 U.S. Dist. LEXIS 174606 at \*15 (D. Mass. Sep. 28, 2023) (citing U.S. Equal Emp. Opportunity Comm'n, What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws: § L (2021)); *see also Cloutier*, 390 F.3d at 135, 137 (1st Cir. 2004) (stating that an employer's "loss of control over its public image may be a relevant factor"). Thus, "[u]ndue hardship can also exist if the proposed accommodation would either cause or increase safety risks or the risk of legal liability for the employer." *Robinson v. Children's Hosp. Boston*, 1:14-cv-10263, 2016 U.S. Dist. LEXIS 46024 (D. Mass. Apr. 5, 2016) (citation omitted).

The non-economic impact of an accommodation on coworkers is relevant if it goes on to affect the conduct of the business and are not the result of employee animosity. *Groff*, at 472;*see also Bordeaux v. Lions Gate Ent., Inc.*, 703 F. Supp. 3d 1117, 1130 (C.D. Cal. 2023) (explaining that non-economic impact on coworkers can be considered in determining if an accommodation posed an undue hardship).

### 1. *Plaintiff's Request to Work Unvaccinated Posed An Undue Hardship.*

BMC could not provide Plaintiff with an accommodation to its Immunization Policy because Plaintiff provided direct care to patients in critical condition – many of whom were being treated for complications from contracting COVID-19. RA 103. Plaintiff was required to come into direct contact with patients when providing care, such as managing respirators, administering medication, and assessing the patients' condition. RA 52, 43. Plaintiff also regularly interacted with nurses, certified nursing assistants, residents, and physicians. RA 52-53. These undisputed facts show that permitting Plaintiff to work unvaccinated posed a safety risk to staff and patients and, thus, created an undue hardship.[2]

---

[2] Plaintiff argues for the first time on appeal that BMC was required to consider alternative accommodations, specifically remote work. In the first instance, because Plaintiff did not raise or develop this argument before the District Court, it is deemed waived, and the Court may not consider it. *Rocafort v. IBM Corp*., 334 F.3d 115, 121 (1st Cir. 2003) ("The law in this circuit is crystalline: a litigant's failure to explicitly raise an issue before the district court forecloses that party from raising the issue for the first time on appeal.") (citation omitted). *See also Emp'r Ins. Co. of Wausau v. OneBeacon Am. Ins. Co.*, 744 F.3d 25, 29 (1st Cir. 2014) (citation omitted); *Higgins v. New Balance Ath. Shoe, Inc.,* 194 F.3d 252, 258 (1st Cir. 1999) ("although the court of appeals affords de novo review to orders granting summary judgment, it will not reverse such an order on the basis of arguments that were not made in the trial court."). Further, "[s]imply noting an argument without explanation is insufficient to avoid waiver." *DiMarco-Zappa v. Cabanillas*, 238 F.3d 25, 34 (1st Cir. 2001). Even if considered on the merits, the argument fails as Plaintiff, a hospital nurse, could not have worked remotely because the duties and responsibilities of her role required that she be in the hospital providing care to patients at a time when, due to the impact of the

[R]elevant case law holds that, in a global pandemic, unvaccinated employees cause an undue hardship to employer-hospitals because they can spread COVID-19 to colleagues and vulnerable patients." *Together Emps. v. Mass. Gen. Brigham Inc*., 573 F.Supp.3d 412 (D. Mass. 2021)); s*ee also Brox*, 590 F.Supp.3d at 367 (determining that plaintiffs were unlikely to succeed on the merits of their claims of religious discrimination because granting exemptions to the COVID-19 vaccine posed an undue hardship on the employer) rev'd on other grounds 83 F.4th 87 (1st Cir. 2023); *Adams*, 2023 U.S. Dist. LEXIS 174606, at *19 (reasoning that employer-hospital could have reasonably concluded that all of its employees should be vaccinated, without exception); *Robinson*, 2016 U.S. Dist. LEXIS 46024, at *9-10 (granting hospital's motion for summary judgment because accommodating plaintiff's request to remain unvaccinated while employed at

---

COVID-19 pandemic, the hospital was short-staffed. RA 111 at ¶¶ 5-6, 23. *See TWA*, 432 U.S. at 68 (explaining that accommodating plaintiff's religious practices would have posed an undue hardship because it left one of the employer's essential departments short-handed). BMC also could not provide testing and masking as an accommodation for the over one hundred employees who sought religious exemptions. This would have required purchasing thousands of tests and additional masks and/or face shields would have been required for employees as well as either hiring or assigning employees to administer tests and ensure unvaccinated employees always remained masked. This alone would have created a substantial increased cost to the hospital's operations. The accommodation would also not have addressed concerns regarding health and safety. *See Snow v. Women's Healthcare Assocs., LLC*, 3:23-cv-01393, 2024 U.S. Dist. LEXIS 137202, at *25 (D. Or. Aug. 2, 2024) (determining that masking was not a workable accommodation in a healthcare setting where plaintiff worked closely with patients).

hospital is an undue hardship as it would increase the risk of spreading influenza to an already vulnerable population).

It is well-settled that a hospital employer has a "strong interest in maintaining public trust and confidence in its ability to provide a reasonable safe environment for its patients, and to assure the public that they may seek health care in its facilities without an unnecessary risk of infection." *Together Emps. v. Mass. Gen. Brigham Inc.*, 573 F.Supp.3d 412, 436 (D. Mass. 2021). *See also Robinson*, 2016 U.S. Dist. LEXIS 46024, at *26 ("Title VII does not require employers to test their safety policies on employees to determine the minimum level of protection needed to avoid injury."); *Snow*, 2024 U.S. Dist. LEXIS 137202, at *22-23 (granting employer healthcare provider's motion for summary judgment because granting plaintiff's religious exemption posed an undue hardship due to the risk an unvaccinated employee posed to the health of staff and patients); *Wise v. Child's Hosp. Med. Ctr. Of Akron*, 5:22-cv-02092, 2024 U.S. Dist. LEXIS 119686, at *6 (N.D. Ohio July 9, 2024) (granting pediatric hospital's motion for summary judgment because allowing pharmacist to work unvaccinated created a heightened health risk to patients, which posed an undue hardship on the hospital). BMC is "in the business" of caring for ill individuals, which includes protecting patients from contracting preventable diseases from its own staff. Courts examining vaccine mandates have reasoned that "taking steps to avoid transmitting a

dangerous virus to patients is consistent with the fundamental principle of the medical profession: first, do no harm." *Biden v. Missouri*, 595 U.S. 87, 93 (2022); *see also Florida v. Dep't of Health and Human Servs.*, 19 F.4th 1271, 1288 (11th Cir. 2021) (It would be the "very opposite of efficient and effective administration for a facility that is supposed to make people well to make them sick with COVID-19."). BMC witnessed firsthand how quickly the virus was transmitted between healthcare workers and patients and followed the CDC's recommendation that vaccination was the best way to prevent such transmissions. RA 111-112 at ¶¶ 10-12. Permitting Plaintiff to work unvaccinated would have increased the risk of transmission among staff and, in turn, significantly impacted BMC's ability to fully staff its critical care units and provide adequate patient care at a time when it was already struggling with understaffing. RA 113-114 at ¶¶ 25-26. The risk to patient and staff safety in granting exemptions to the vaccine is also why the hospital denied all 138 religious exemption requests submitted by employees. RA 113 at ¶ 20.

Given the foregoing, the District Court correctly found that BMC had offered admissible evidence to establish that:

> (1) Melino could not work remotely because her job responsibilities included providing direct care to patients; (2) Melino could not work in-person while she remained unvaccinated without risking the health and safety of her patients (vulnerable individuals in critical condition who often relied on respirators) and other medical professionals; and

19

(3) any feasible accommodation would have imposed 'substantial increased costs' on BMC.

Add. at p. 3.

### 2.  *Defendant Does Not Need to Prove COVID-19 Vaccines "Work."*

BMC proffered undisputed record evidence concerning its implementation of the vaccination requirement and conclusion that it could not provide Plaintiff with an exemption to the vaccination requirement without undue hardship.  *See generally*, RA 200-211; *see also Adams*, 2023 U.S. Dist. LEXIS 174606, at *3 (D. Mass. Sep 28, 2023) ("Substantial deference must be given to the judgments of a hospital organization struggling to cope with a worldwide pandemic.").  Plaintiff did not and does not dispute that unvaccinated individuals are at higher risk of transmitting COVID-19.  Instead, in her Brief, Plaintiff erroneously contends that BMC's undue hardship defense fails because BMC did not establish that it assessed the effectiveness of the COVID-19 vaccine before requiring its employees to be vaccinated and BMC did not establish that the COVID-19 vaccines actually "work" and thus, these facts are in dispute.  Yet, as the Court correctly noted, despite Plaintiff's repeated assertions regarding these points, the record is devoid of any evidence supporting Plaintiff's medical opinions and judgments.  Accordingly, there is no dispute of fact and Plaintiff's attempts to manufacture one fail as follows.

First, Defendant did not need to prove the efficacy of the vaccine before it implemented its Immunization Policy because it was entitled to rely on CDC recommendations, which together with BMC's own experience formed the undisputed basis for why it implemented the Immunization Policy and denied Plaintiff's exemption request in 2021. At the time BMC implemented the Immunization Policy, vaccination against COVID-19 was recommended by the CDC as effective in preventing COVID-19 disease, especially severe illness and death. RA 111 at ¶ 10.[3]

It has been held that "[h]ospitals are uniquely positioned when balancing different responses to the outbreak of disease and should be afforded 'substantial deference' when making determinations about appropriate measure to cope with a worldwide pandemic." *Taylor v. Milford Reg'l Med. Ctr. Inc*., 4:23-cv-40009, 2024 U.S. Dist. LEXIS 85111, at *16 (D. Mass. May 10, 2024) (citation omitted);

---

[3]    *See also* When You've Been Fully Vaccinated, CDC, https://stacks.cdc.gov/view/cdc/103849 (last visited September 4, 2024). The CDC also recommended vaccination as the best way to reduce transmission of the virus. See, e.g., CDC COVID-19 Vaccine Breakthrough Case Investigations Team, COVID-19 Vaccine Breakthrough Infections Reported to CDC—United States, January 1-April 30, 2021, Ctrs. for Disease Control & Prevention (May 28, 2021), https://pubmed.ncbi.nlm.nih.gov/34043615/. The CDC further emphasized that individuals with medical conditions were at increased risk for serious outcomes from COVID-19. *See, e.g.,* Underlying Medical Conditions Associated with High Risk for Severe COVID-19: Information for Healthcare Providers, CDC, (https://stacks.cdc.gov/view/cdc/105675) (last visited September 4, 2024). The Court may take judicial notice of the CDC's recommendations, which are "not subject to reasonable dispute." *See Gent v. CUNA Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010) (quoting Fed. R. Evid. 201(b)).

*Adams*, 2023 U.S. Dist. LEXIS 174606, at *19 (reasoning that employer-hospital could have reasonably concluded that all of its employees should be vaccinated, without exception); *Robinson*, 2016 U.S. Dist. LEXIS 46024, at *9-10 (granting hospital's motion for summary judgment because accommodating plaintiff's request to remain unvaccinated while employed at hospital is an undue hardship as it would increase the risk of spreading influenza to an already vulnerable population). There is simply no record support for Plaintiff's assertion that Defendant was required to conduct its own scientific testing and/or research before implementing the Immunization Policy. Per Plaintiff's logic, any employer faced with a religious exemption to a workplace safety policy must incur the cost of "proving" the requirements of the policy "work" and cannot rely on the authority of government agencies created for the sole purpose of ensuring public health and workplace safety in implementing workplace policies. This, in and of itself, would make the assessment of any religious exemption a "substantial increased cost" and, therefore, pose an undue hardship. *See Groff,* 600 U.S. at 470.

Next, as noted, Plaintiff has no admissible support for her contention that the COVID-19 vaccine is ineffective. Plaintiff points to various documents, including the Food & Drug Administration's ("FDA") May 10, 2021 Letter Granting Emergency Use Authorization to Pfizer, the FDA's response to a citizen petition published in August 2023, and a publication by Dr. Aseem Malhotra. Not only are

22

these documents inadmissible as they are not authenticated and contain hearsay, but the 2023 FDA Publication and Dr. Aseem Malhotra's publication are also irrelevant because both were published after BMC's decision to implement its Policy and deny Plaintiff's exemption request.[4]  *See Horta v. Sullivan,* 4 F.3d 2, 8-9 (1st Cir. 1993) (determining that article plaintiff included in opposition should have been stricken because it was inadmissible to establish the truth of the matter reported and not a proper part of the record) (citing Fed. R. Evid. 801 and Fed. R. Evid. 805). *See also Barraford v. T&N Ltd.*, 988 F. Supp. 2d 81, 87 (D. Mass. 2013) (determining medical journal articles were hearsay).

Moreover, even assuming the FDA's May 10, 2021 letter granting Emergency Use Authorization to Pfizer is admissible, the District Court correctly pointed out that, when read as a whole, the letter affirms the efficacy of the vaccine and serves to support BMC's decision that permitting Plaintiff to work unvaccinated posed an increased risk that she would acquire the virus and transmit it to staff and patients.  *See Haley v. Exec. Off. of HHS,* 1:23-cv-11691, 2024 U.S. Dist. LEXIS 76414, at *3-4 (D. Mass. April 26, 2024).

Plaintiff also seeks to rely upon unsupported allegations contained in her Complaint as other "evidence" in support of her contention that the efficacy of the

---

[4] Undue hardship is "properly viewed at the time the employer decided to deny an employee's requested religious exemption and then terminate his or her employment for refusing to obtain the COVID-19 vaccine." *See Snow*, 2024 U.S. Dist. LEXIS 137202, at *15-16.

vaccines is a "material fact in dispute."   But it is well-settled that a party "cannot successfully oppose a motion for summary judgment by resting upon mere allegations or denials of [her] pleading." *Garmon v. AMTRAK*, 844 F.3d 307, 313 (1st Cir. 2016) (quoting Pina v. Children's Place, 740 F.3d 785, 795 (1st Cir. 2014)).   As the District Court held, the Plaintiff simply failed to produce any admissible evidence to demonstrate that the COVID-19 vaccine was ineffective, or to dispute that providing Plaintiff with an accommodation would cause BMC an undue hardship.

As the District Court correctly found, Plaintiff has failed to point to any admissible evidence in the record that would support her medical hypothesis that the vaccine did not provide protection against the spread of COVID-19 and thus, failed to raise a genuine dispute as to whether providing Plaintiff with an exemption at that time posed an undue hardship on Defendant.

## IV.   PLAINTIFF'S MOTION TO STRIKE WAS PROPERLY DENIED.

The District Court properly denied Plaintiff's Motion to Strike because she failed to comply with the requirements of Local Rule 7.1 that she met and confer with Defendant prior to filing. The District Court also properly denied the motion because the statements in Attorney John Hickey's Declaration are not inconsistent with BMC's Answer and/or Answers to Interrogatories and do not contain hearsay.

24

The denial of a motion to strike is reviewed for abuse of discretion. *Micheo-Acevedo v. Stericycle of P.R., Inc.*, 897 F.3d 360 (1st Cir. 2018). "An abuse of discretion occurs 'when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper or improper factors are assessed, but the court makes a serious mistake in weighing them." *Lech v. Goeler*, 92 F.4th 56, 63-64 (1st Cir. 2024) (internal citations omitted).

### A. The District Court Did Not Abuse Its Discretion In Denying Plaintiff's Motion To Strike Based On Procedural Deficiencies.

First, Plaintiff's Motion to Strike was properly denied for failure to comply with the procedural rules set forth in Local Rule 7.1. Local Rule 7.1 requires that parties meet and confer prior to filing a motion. *See United States v. Rosado-Rosario*, 1:97-cr-049, 1998 U.S. Dist. LEXIS 673, *9 (D. Mass. Jan. 15, 1998) ("valid local rules are an important vehicle by which courts operate. Such rules carry the force of law…[and]…district courts are entitled to demand adherence to specific mandates contained in the rules.") (*quoting Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.,* 26 F.3d 220, 224 (1st Cir. 1994). *See e.g. Whitehouse v. United States Dist. Court*, 53 F.3d 1349, 1355-1356 (1st Cir. 1995). Failure to comply with a local rule is sufficient grounds to deny a motion. *See Converse Inc. v. Reebok Int'l, Ltd*., 328 F. Supp. 2d 166, 171 (D. Mass. 2004); *see also Martinez v. Hubbard,* 172 F. Supp. 3d 378, 385 (D. Mass. 2016). Plaintiff's

counsel never contacted Defendant's counsel to discuss her Motion to Strike. This alone is sufficient ground to affirm the District Court's denial of the Motion to Strike.

**B.**      **Attorney Hickey's Statements In Paragraphs 10-12, 14, and 22 Are Not Inconsistent With Prior Statements.**

While the District Court did not address Plaintiff's Motion to Strike on the merits if the Court does assess the Motion to Strike on the merits, it must fail because the relevant statements are not inconsistent with prior BMC statements.

Attorney Hickey's statements are not inconsistent with BMC's Answer to the Complaint nor its objections and answers to Plaintiff's interrogatories. The statements Plaintiff sought to strike from Attorney Hickey's declaration do not make any assertions or conclusions as to the efficacy of the COVID-19 vaccine and, as such, are not inconsistent with Defendant's objections to Plaintiff's Interrogatory Nos. 4 and 5.   Similarly, Defendant's objection and denial of Paragraph 13 of the Complaint is not inconsistent with its reliance on the CDC's recommendations when it implemented the Immunization Policy. As explained below, Attorney Hickey's statements simply provide context as to why BMC implemented its Immunization Policy and the effect of the CDC's statements on BMC.

In Interrogatory Nos. 4 and 5, Plaintiff explicitly asked BMC whether the COVID-19 vaccine prevents recipients from "contracting" or "transmitting" COVID-19. Defendant did not substantively answer Plaintiff's Interrogatory Nos. 4 and 5, but instead asserted objections on the basis that the interrogatories were vague, ambiguous, overly burdensome, and sought information that was not relevant to the claims asserted. Defendant's objections were valid and appropriate because the interrogatories were vague, ambiguous and sought a simple answer to a complex scientific question.[5] Defendant never provided a substantive answer to Plaintiff's Interrogatory Nos. 4 and 5, and its objections state that the answer Plaintiff seeks is beyond BMC's current knowledge and acquiring the knowledge needed to respond is overly burdensome given the lack of relevance of the information to Plaintiffs' claims. Tellingly, Plaintiff never sought to compel a substantive answer to Interrogatory Nos. 4 and 5 during discovery in this matter.

Plaintiff's Brief attempts to imply that Attorney Hickey's statements in the Declaration provide that the COVID-19 vaccines were effective. However,

---

[5] Plaintiff's counsel advanced identical arguments in a similar case. *See* Order on Plaintiff's Motion to Determine Defendant's Answers to Requests for Admission as Insufficient, *Harmon v. Boston Medical Ctr.*, CA 1:22-cv-11856-ADB (March 17, 2023). The district court denied Plaintiff's motion because "[a]dmitting or denying Plaintiff's RFAs would require Defendant to draw broad conclusions about complex, scientific questions pertaining to the recently developed COVID-19 vaccines" and Defendant's objections were appropriate. *Id*. Similarly, Defendant's objections and responses to Plaintiff's interrogatories here are appropriate.

Plaintiff misconstrues Attorney Hickey's statements. Instead, Attorney Hickey's statements simply set forth that in implementing the Immunization Policy and making decisions on exemption requests Defendant relied on certain recommendations of the CDC that vaccination was the best way to prevent COVID-19 infection and the transmission of the virus. Therefore, it is irrelevant which specific publications Defendant relied upon at the time it made its decision because the statements in the Declaration simply explain Defendant's understanding of the CDC's recommendations in 2021 regarding vaccination against COVID-19 in hospital settings. The statements also explain why Defendant implemented the Immunization Policy and denied all requests for religious exemption to its vaccination requirements.

### C.    <u>Attorney Hickey's Statements Do Not Contain Hearsay.</u>

Finally, Plaintiff's argument in the Motion to Strike that statements in Paragraphs 10, 11, 12, 14, and 22 of the Declaration of John Hickey which refer to BMC's reliance on the recommendations of the CDC when it made decisions regarding the implementation and enforcement of the Immunization Policy contain inadmissible hearsay lacks merit. The statements are not being offered for the truth of the matter asserted, as Plaintiff appears to interpret them, because the statements are not asserting that the CDC's recommendations regarding vaccination are, in and of themselves, scientifically and/or factually accurate. *See*

28

Fed. R. Evid. 801(c)(2). Rather, the statements are being offered for context on BMC's "state of mind" when it implemented its Immunization Policy and denied Plaintiff's request for an exemption. *See United States v. Bailey*, 270 F.3d 83, 87 (1st Cir. 2001) (explaining out of court statements "offered not for their truth but offered only for context" do not constitute hearsay); *United States v. Pena*, 24 F.4th 46, 61 (1st Cir. 2022). Importantly, in discrimination cases, the employer's state of mind at the time it made the adverse employment decision is key in determining whether the decision was, in fact, discriminatory. *See also Perkins v. Brigham & Women's Hosp.*, 78 F.3d 747, 751 (1st Cir. 1996) ("an employer's proffered justification must be based on information that it knew and relied upon at the time it decided to take the adverse employment action").

Here, Attorney Hickey's statements in Paragraphs 10-2, 14, and 22 provide context as to the motives and/or reasons for Defendant's decision to implement a COVID-19 Immunization Policy and deny all religious exemption requests, including Plaintiff's. Attorney Hickey occupied the role of Director of Employee & Labor Relations throughout the COVID-19 pandemic. RA 110 at ¶¶ 1-2. To carry out his duties, Attorney Hickey was required to be informed and knowledgeable of applicable federal, state, and local statutes, regulations, and ordinances on workplace safety for hospital staff and the hospital's reasons for requiring vaccination. *See* Fed. R. Civ. P. 56(c)(4) (requiring that declarations used

29

to support a motion for summary judgment be made on personal knowledge). One of Attorney Hickey's duties was to review and issue decisions on all religious exemption requests to the hospital's vaccinations policies, which required that he be knowledgeable of CDC recommendations and local regulations on vaccination. RA 112 at ¶ 16. In explaining that the hospital relied on the CDC's recommendations when it implemented the Immunization Policy, Attorney Hickey is not seeking to prove the truth of the recommendations made by the CDC, but to show Defendant had certain information pertaining to ensuring the safety of hospital staff and patients and the effect of that information on Defendant, which was the implementation of the vaccine mandate.

Because Defendant's statements serve only as context and say nothing about Defendant's opinion on the efficacy of the vaccine and because the Court may take judicial notice of government publications and facts not subject to reasonable dispute, Plaintiff's Motion to Strike was properly denied.

## CONCLUSION

For the reasons discussed above, the District Court's May 28, 2024 Memorandum and Order granting BMC's Motion for Summary Judgment and denying Plaintiff's Motion to Strike should be affirmed in its entirety.

Respectfully submitted,

BOSTON MEDICAL CENTER,
By its attorneys,


*/s/ Jamie L. Kessler*

Matthew A. Freeman, Bar No. 117541
Jamie L. Kessler, Bar No. 1154607
Jeanette M. Piaget, Bar No. 1203731
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA  02116
Tel: (617) 367-0025
Fax: (617) 367-2155
matthew.freeman@jacksonlewis.com
jamie.kessler@jacksonlewis.com
Dated:  October 8, 2024    jeanette.piagetfigueroa@jacksonlewis.com

31

## <u>CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)</u>

I, Jamie L. Kessler, certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it does not exceed 30 pages. This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)95) and the type style requirements of Fed. R. App. P. 32(a)96) because it was prepared in a proportionally spaced typeface using Microsoft Word 365 in fourteen point Times New Roman font.

/s/ *Jamie L. Kessler*

Matthew A. Freeman, Bar No. 117541
Jamie L. Kessler, Bar No. 1154607
Jeanette M. Piaget, Bar No. 1203731
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA  02116
Tel: (617) 367-0025
Fax: (617) 367-2155
matthew.freeman@jacksonlewis.com
jamie.kessler@jacksonlewis.com
Dated:  October 8, 2024       jeanette.piagetfigueroa@jacksonlewis.com

## <u>CERTIFICATE OF SERVICE</u>

I, Jamie L. Kessler, certify that on October 8, 2024, I caused the Brief for Defendant-Appellee to be electronically filed with the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that the below Appellant of record, represented by counsel, is registered as an ECG filer and that her counsel will be served by the CM/ECF system:

Peter Vickery, Esq.
27 Pray Street
Amherst, MA 01002

/s/ *Jamie L. Kessler*

Matthew A. Freeman, Bar No. 117541
Jamie L. Kessler, Bar No. 1154607
Jeanette M. Piaget, Bar No. 1203731
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA  02116
Tel: (617) 367-0025
Fax: (617) 367-2155
matthew.freeman@jacksonlewis.com
jamie.kessler@jacksonlewis.com

Dated:  October 8, 2024          jeanette.piagetfigueroa@jacksonlewis.com